**Thomas F. POWELL, Appellant,**

v.

**The KROGER COMPANY, Appellee.**

**No. 80–2189.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 27, 1981.

Decided April 1, 1981.

Rehearing and Rehearing En Banc
Denied July 6, 1981.

J. R. Nash, North Little Rock, Ark., for appellant, Thomas F. Powell.

Friday, Eldredge & Clark by Boyce R. Love and Curtis L. Nebben, Little Rock, Ark., for appellee.

Before STEPHENSON and McMILLI-AN, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Plaintiff-appellant brought this negligence action in federal district court [1] based upon diversity. The case was tried before a six-member jury on November 3, 4 and 5, 1980, with a verdict being returned for defendant on November 6, 1980. Appellant's motion for a new trial was denied and he appeals alleging the district court committed prejudicial error in going to the jury room and speaking with the jurors off the record and outside the presence of counsel. We disagree and affirm the district court's judgment and denial of a motion for new trial.

The jury in this case had begun its deliberations at 4:25 p. m. on November 5, 1980. At 5:10 p. m. the jury sent a note to the court asking for clarification of some instructions. After consultation with counsel, the district court had all of the instructions sent to the jury. Neither party objected. Then at 5:35 p. m. the jury requested the amount of money plaintiff was asking for, and the court responded that it could not "respond to this question other than to say you should follow the instructions of law given you." Both parties' counsel indicated this was a satisfactory response. Then, at

6:00 p. m., the transcript indicates the following occurred:

THE COURT: It is 6:00 p. m. at night; we started at 9:00 a. m. this morning, took an hour for lunch and two fifteen minute breaks today.

The jury went out about 4:30 p. m. and they have been deliberating an hour and a half.

I propose to ask the jury if they want to go home tonight and come back tomorrow, or if they want to complete their deliberations tonight.

Mr. Nash objects to that procedure, and he wants them to stay out a while longer.

Do you want to say anything else about that, Mr. Nash?

MR. NASH: No.

(The Court left the courtroom momentarily.)

THE COURT: The jury has indicated they want to work awhile longer.

(6:15 p. m.)

(Reporter's Note: Note number 3 read as follows:)

We would like to recess until tomorrow.

THE COURT: The jury wants to recess and come back tomorrow.

The jury was brought into the courtroom and informed they would be in recess until the following morning at 9:00 a. m. They were given the usual admonition not to discuss the case during the recess.

Appellant argues that this communication with the jurors was improper, and also prejudicial because shortly after the *ex parte* communication, the jurors decided to recess for the night. It is argued this "did not allow the jurors to render a verdict freely and untrammeled."

We agree this communication by the district court was improper. The United States Supreme Court has expressed its disfavor with such communications.

Where a jury has retired to consider of its verdict, and supplementary instructions

---

* The Honorable Ronald N. Davies, Senior Judge, United States District Court for the District of North Dakota, sitting by designation.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object. Under ordinary circumstances, and wherever practicable, the jury ought to be recalled to the court room, where counsel are entitled to anticipate, and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had.

*Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 81, 39 S.Ct. 435, 436, 63 L.Ed. 853 (1919). *See also United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975).

However, it has been recognized that "a court's ex parte communication with the jury will not require a reversal where substantive rights of parties have not been adversely affected." *Petrycki v. Youngstown and Northern RR*, 531 F.2d 1363, 1367 (6th Cir.), *cert. denied*, 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 138 (1976). *See also Rogers v. United States, supra*, 422 U.S. at 40, 95 S.Ct. at 2095.

There is no evidence of prejudice in the instant case. The court was not instructing the jury as to substantive matters, nor was either party denied the opportunity to object and make a record. The trial court, in its denial of appellant's motion for a new trial, stated:

The Court also advised the attorneys that it intended to simply go to the jury room door and make the inquiry rather than require that the jury assemble in the Courtroom. The plaintiff's attorney's only objection to the suggested procedure related to his request that the jury be required to continue its deliberations without giving them the option to recess for the night. He did not object to the *manner* in which the Court posed the question of recess preference to the jury.

Thus it appears that appellant's counsel did not object to the manner of informing the jurors, his only objection was that he wanted the jurors "to stay out a while longer." [2] We are unable to find any prejudice to the appellant from the district court's action. We cannot say this slight intrusion into the privacy of the jury warrants reversal of their verdict otherwise properly reached. *See United States v. Perl*, 584 F.2d 1316, 1324 (4th Cir. 1978). *See also United States v. Medansky*, 486 F.2d 807, 816 (7th Cir.), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1973).

We have carefully considered all of appellant's allegations and find them without merit.

Affirmed.

---

2. This case is easily distinguished from *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919), in which the trial judge, in response to a request from the jury for a clarification of an instruction, replied to the jury with a written supplementary instruction, in the absence of the parties and their counsel, and without calling the jury into open court. In the instant case the parties were aware of the judge's action and had an opportunity to object and make a record.

This case is also distinguished from *United States v. United States Gypsum Co.*, 438 U.S. 422, 462, 98 S.Ct. 2864, 2886, 57 L.Ed.2d 854 (1978), in which the Supreme Court stated:

Thus, it is not simply the action of the judge in having the private meeting with the jury foreman, standing alone—undesirable as that procedure is—which constitutes the error; rather, it is the fact that the *ex parte* discussion was inadvertently allowed to drift into what amounted to a supplemental instruction to the foreman relating to the jury's obligation to return a verdict, coupled with the fact that counsel were denied any chance to correct whatever mistaken impression the foreman might have taken from this conversation, that we find most troubling.