_____

No. 95-3504
_____

United States of America,      *
                                 *
        Appellee,        *
                                 *  Appeal from the United States
    v.                   *  District Court for the
                                 *  Eastern District of Missouri.
Donald T. Atkinson,       *
                                 *
        Appellant.      *


_____

Submitted: April 10, 1996


Filed: June 5, 1996
_____

Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN,
     Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


    Donald T. Atkinson appeals from a judgment of the district court[1] entered on a jury verdict finding him guilty of possession with the intent to deliver cocaine base (crack cocaine), distribution of cocaine and crack cocaine, and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. We affirm.

    On appeal, Atkinson does not contest his possession and distribution convictions, but challenges the sufficiency of the evidence supporting his conspiracy conviction. He asserts that the evidence only showed a buyer-seller relationship. We disagree.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

"It is, of course, well established that a 'mere sales agreement with respect to contraband does not constitute a conspiracy; there must be something "beyond" that before the evidence can support a conspiracy.'" United States v. Issaghoolian, 42 F.3d 1175, 1178 (8th Cir. 1994) (quoting United States v. West, 15 F.3d 119, 121 (8th Cir.), cert. denied, 115 S. Ct. 177 (1994)). "This evidentiary requirement may be satisfied . . . by a showing that drugs were purchased for resale." Id. In this case, viewed in the light most favorable to the government, the evidence and reasonable inferences therefrom show that Atkinson entered into a conspiracy to distribute cocaine with Charles High. High testified that he had purchased crack cocaine from Atkinson for about four months until July 27, 1992, when High was arrested after he sold 34.34 grams of crack cocaine to undercover police officer William Visnovske. On July 24, 1992, Visnovske told High he wanted to purchase three ounces of crack cocaine. High replied he could supply that quantity or more. High then asked Atkinson for three ounces of crack cocaine. Atkinson gave High three ounces of powder cocaine, explaining that he did not want to supply crack cocaine because "you get more time" for possession and distribution of crack cocaine than for powder cocaine. Atkinson told High to pay him $3,300.00 after the sale. High took the cocaine, had it "cooked" into crack cocaine, and sold it to Visnovske. When High met with Atkinson to pay him for the cocaine, High explained that he had received $3,000.00 instead of $3,300.00 because the three ounces of powder cocaine were not pure and cooked up to two and one-half ounces of crack cocaine. Because Atkinson "was aware that the quantities he sold would be used for distribution" his "relationship with [High] was more than a seller-buyer arrangement." United States v. Fregoso, 60 F.3d 1314, 1323-24 (8th Cir. 1995). Thus, a "reasonable juror could convict him of conspiracy to distribute cocaine." Id. at 1324.


Atkinson also raises several sentencing issues. The presentence report (PSR) grouped the counts together, U.S.S.G.

§ 3D1.1, and calculated the quantity of drugs to be 1037.68 grams of crack cocaine, resulting in a base offense level (BOL) of 36. The PSR also recommended a two-point upward adjustment of the offense level under U.S.S.G. § 3B1.1(c) for Atkinson's role as a manager or supervisor of criminal activity. Atkinson filed objections to the PSR. Before the district court, he renewed his objections to the inclusion of the 34.34 grams of crack cocaine that High sold to Visnovske and to the role in the offense adjustment. The court overruled the objections. Based on evidence of additional quantities of crack cocaine, the court calculated the quantity to be 1083.4 grams of crack cocaine, which also resulted in a BOL of 36. With an adjusted offense level of 38 and a criminal history of III, the guidelines range was from 292 months to 365 months. The district court sentenced Atkinson to 336 months.

In his brief, Atkinson first argues that the "100-to-one-ratio" of crack cocaine to powder cocaine is unconstitutional. However, his arguments are foreclosed by opinions of this court. See, e.g., United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995), cert. denied, 1996 WL 26472 (U.S. May 13, 1996) (No. 95-7436); United States v. Clary, 34 F.3d 709, 710-14 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995).

He next argues that the district court erred in including the 34.34 grams of crack cocaine which High sold to Visnovske, asserting that Visnovske "manipulated" his sentence by insisting on buying crack cocaine. We need not address this "sentencing entrapment" argument because, as the government points out, any error in the inclusion of the 34.34 grams would be harmless since it had no effect on the BOL of 36. See United States v. Phillippi, 911 F.2d 149, 151 (8th Cir. 1990), cert. denied, 498 U.S. 1036 (1991). Excluding the 34.34 grams from the court's estimation of 1083.4 grams of crack cocaine, Atkinson's BOL would still be 36, the BOL for 500 grams to less than 1.5 kilograms of cocaine base.

Cf. United States v. Stavig, 80 F.3d 1241, 1246 (8th Cir. 1996) (no sentencing entrapment where amount chosen by government agent fell within BOL resulting from defendant's other drug transactions).[2]

Atkinson also argues that the court erred in imposing a two-level upward adjustment under U.S.S.G. § 3B1.1(c).  "[T]he district court's finding that a defendant was a manager or supervisor will not be overturned unless it is clearly erroneous." United States v. Hazelett, 80 F.3d 280, 284 (8th Cir. 1996).  "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, comment. (n.2). Atkinson is correct that this court has "reject[ed] the notion that by merely selling a controlled substance to an individual, the seller thereby necessarily becomes the manager or supervisor of the buyer." United States v. McFarlane, 64 F.3d 1235, 1238 n.4 (8th Cir. 1995).  However, as discussed above, "[t]he government's evidence clearly proved that [Atkinson] overstepped a mere seller's role" with High. United States v. Pena, 67 F.3d 153, 156 (8th Cir. 1995).  In Pena, this court upheld a section 3B1.1 adjustment, rejecting the defendant's argument that he was a "mere seller of drugs," where, as here, the defendant "retained the financial risk of distribution by fronting or consigning the drugs." Id. See also United States v. Flores, 73 F.3d 826, 835 (8th Cir. 1996) (upholding § 3B1.1 adjustment where defendant determined the selling price and fronted drugs).[3]  Moreover, tape recorded conversations between High

_____

[2]We note that in certain circumstances the Guidelines, U.S.S.G § 2D1.1, comment. (nn. 12 & 15) (Nov. 1995), provide "[w]hen sentencing entrapment occurs, 'the sentencing court may deal with the situation by excluding the tainted transaction or departing from the sentencing guidelines.'" Stavig, 80 F.3d at 1246 (quoting United States v. Barth, 990 F.2d 422, 425 (8th Cir. 1993)).

[3]Although Pena and Flores involved three-level enhancments under section 3B1.1(b) for being a manager or supervisor of "criminal activity [that] involved five or more participants or was otherwise extensive[,]" the cases are applicable because, as noted in Pena, "[t]he guidelines only require that [a defendant] supervised 'one or more other participants' to trigger this enhancement." 67 F.3d at 157 (quoting U.S.S.G. § 3B1.1, comment. (n. 2)).

and

Atkinson make clear that Atkinson supervised High.  For example, when High met with Atkinson to pay him for the crack cocaine sold to Visnovske, High told Atkinson, "All I got is three [thousand dollars instead of $3300.00] man.  What you tell me to do."  Atkinson responded, "I was goin' to tell you to keep the three . . . But I'll tell you what the deal is, okay?" High, who was a college student, later replied, "You're the man. . . . I'm just trying . . . to go through school."  In these circumstances, the district court's determination that Atkinson was a manager or supervisor is supported by the evidence and thus is not clearly erroneous.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.