United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-4095SD

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District of |
| | * | South Dakota. |
| Bennie Joe Rodriquez, also known | * | |
| as Bennie Joe Rodriguez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 20, 1997
Filed:  June 25, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

Bennie Joe Rodriquez appeals his convictions of assault with a dangerous weapon and assault resulting in serious bodily harm.[1]  We affirm.

_____

[1]The Hon. Andrew W. Bogue, United States District Judge for the District of South Dakota, presided over the jury trial and imposed the sentence.

I.

Rodriquez's convictions stem from the stabbing of Shawn Poor Bear. On appeal, Rodriquez advances two arguments: first, that his Fifth Amendment right not to incriminate himself was violated because the jury discussed his failure to testify at trial; and second, that there was insufficient evidence to convict him. We address each argument in turn.

II.

The Fifth Amendment guarantees a criminal defendant the right to remain silent and the right not to have adverse inferences drawn from the exercise of that right. Carter v. Kentucky, 450 U.S. 288 (1981). Rodriquez argues that this right was denied him because the jury, during its deliberations, discussed his failure to testify in his own behalf.

Rodriquez bases this argument on a statement by his attorney's secretary, who spoke with several jurors after the trial. She affirmed that "at least one juror" told her Rodriquez's failure to testify was discussed during deliberations, apparently by jurors lamenting that he could have "shed a lot of light on the facts of the allegations against him." Appellant Br. A-9. Because of the need to protect the secrecy of the jury room, the law strongly resists allowing jurors to testify about their deliberations. See Tanner v. United States, 483 U.S. 107, 117-27 (1987) (discussing the "long-recognized and very substantial concerns [which] support the protection of jury deliberations from intrusive inquiry"). Federal Rule of Evidence 606(b) accordingly prohibits jurors from testifying about their deliberations, with the sole exception that "a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror." Rodriquez argues that since his failure to testify was not evidence and should

not have been considered, it should be considered an "outside influence" about which the jurors should be allowed to testify.  We cannot agree.

This Court has considered what types of influences will be considered extrinsic or extraneous to deliberations, so that a juror may testify about them.  Extrinsic or extraneous influences include "publicity received and discussed in the jury room, matters considered by the jury but not admitted into evidence, and communications or other contact between jurors and outside persons."  United States v. Bassler, 651 F.2d 600, 602 (8th Cir. 1981), cert. denied, 454 U.S. 1151 (1982).  A prior conviction of a defendant, for example, when not admitted as evidence at trial, but which nonetheless entered into the jury's deliberations through personal knowledge of a juror, has been held to be "extraneous prejudicial information."  United States v. Swinton, 75 F.3d 374, 381 (8th Cir. 1996).

That  Rodriquez did not testify is not a fact the jurors learned through outside contact, communication, or publicity.   It did not enter the jury room through an external, prohibited route.  It was part of the trial, and was part of the information each juror collected.  It should not have been discussed by the jury, and indeed was the subject of a jury instruction to that effect.  But it was not "extraneous information," and therefore does not fall within the exception outlined in Rule 606(b).[2]  Accordingly, members of the jury are prohibited by Rule 606(b) from testifying about their

---

[2]The Advisory Committee notes to Rule 606 show that Congress specifically rejected a version of the rule that would have allowed jurors to testify about "objective matters occurring during the jury's deliberation, such as the misconduct of another juror or the reading of a quotient verdict," in favor of the rule as it now stands, which "does not permit juror testimony about any matter or statement occurring during the course of the jury's deliberations."  Fed. R. Evid. 606 advisory committee's note to 1974 enactment.  Discussion of Rodriquez's silence was not an outside influence, and is precisely the kind of deliberative information about which jurors may not testify.

deliberations or impeaching their verdict. The District Court did not err in denying Rodriquez a new trial or an evidentiary hearing.

III.

Rodriquez also argues that there was insufficient evidence to convict him. Again, we cannot agree.

The stabbing victim, Shawn Poor Bear, identified Rodriquez as the man who stabbed him. Several witnesses saw the two men fighting at the party where Poor Bear was stabbed, and testified that Rodriquez was the only person who argued with the victim. One witness reported a conversation she had with Rodriquez earlier that day, in which he showed her a knife and told her he intended to stab Poor Bear. The host of the party where the stabbing took place reported finding blood on her floor.

Rodriquez insists Poor Bear was too intoxicated at the time of the incident to be credible. But the jury is entitled to evaluate the credibility of witnesses, and to weigh the evidence presented to it. We will reverse a conviction for lack of sufficient evidence only when "no reasonable trier of fact could find guilt beyond a reasonable doubt." United States v. Triplett, 104 F.3d 1074, 1080 (8th Cir. 1997) (citations omitted), cert. denied, 65 U.S.L.W. 3767 (May 19, 1997). There was more than substantial evidence presented at trial in this case on which a reasonable trier of fact might base a conviction.

Affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.