# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2249

———————

United States of America,

          Appellee,

v.

Conrad A. Jasper,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*         [PUBLISH]
\*

———————

Submitted:  December 14, 1998

Filed:  February 17, 1999

———————

Before MCMILLIAN, LAY and HALL,[1] Circuit Judges.

———————

PER CURIAM.


      Conrad A. Jasper pled guilty to one count of conspiracy to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 and 18 U.S.C.

———————

[1]The Honorable Cynthia H. Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

§ 2. The district court[2] held a hearing on Jasper's objection to the assessment in the Presentence Report of a three-level enhancement of his offense level for being a manager or supervisor of a criminal conspiracy, pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3B1.1(b). The court found the enhancement was appropriate. The court sentenced Jasper to 70 months imprisonment followed by five years of supervised release. Jasper appeals the three-level enhancement for being a manager or supervisor. We affirm.

## I.

U.S.S.G. § 3B1.1 provides for a three-point increase in a base offense level "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive . . . . " U.S.S.G. § 3B1.1(b). The district court considers the following factors when determining whether an upward adjustment is appropriate: "the nature of the defendant's role in the offense, the recruitment of accomplices, and the degree of participation in planning or organizing the offense." *United States v. Loveless*, 139 F.3d 587, 594 (8th Cir. 1998) (quoting *United States v. Flores*, 73 F.3d 826, 835 (8th Cir. 1996)). We will reverse the sentencing court's factual determination of a defendant's role in the offense only if it is clearly erroneous. *United States v. Tran*, 122 F.3d 670, 674 (8th Cir. 1997). Jasper contends the district court erred because the evidence at his hearing showed only that he distributed drugs and not that he managed or supervised others involved in the conspiracy. We disagree.

The evidence at the sentencing hearing demonstrated that Jasper exercised significant control over Antonio Rodrigo. Jasper recruited Antonio Rodrigo to sell crack cocaine, make deliveries and collect money in exchange for financial support

---

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, presiding.

from Jasper. Jasper determined the price of the crack cocaine sold by Rodrigo and instructed him to accept only cash payment for the drugs. Jasper instructed Rodrigo where to sell the drugs, to whom he should sell them and on how to deal with his best customers. Furthermore, the evidence showed that Jasper controlled others by giving them drugs for bringing him customers, by "fronting" them drugs, and by teaching another drug dealer the technique of cooking cocaine into crack. This court has previously found a managerial or supervisory role enhancement appropriate where a defendant recruited others to sell drugs, decided the price and method of payment, and determined where the drug sales would occur. *Loveless*, 139 F.3d at 594; *United States v. Ayers*, 138 F.3d 360, 364 (8th Cir.), *cert. denied*, 119 S. Ct. 219 (1998). We have also considered evidence that a defendant fronted drugs to others, *United States v. Bond*, 135 F.3d 1247, 1249 (8th Cir.), *cert. denied*, 118 S. Ct. 2388 (1998), and instructed others involved in the offense of criminal techniques, *United States v. Drapeau*, 121 F.3d 344, 350 (8th Cir.1997), to support enhancements under U.S.S.G. § 3B1.1. Therefore, considering the record as a whole, we find the district court's determination that Jasper was a manager or supervisor under U.S.S.G. § 3B1.1 was not clearly erroneous.

Jasper's sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-