# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1134

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Manuel Mario Mendoza, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 6, 2000
Filed: November 13, 2000

_____

Before MCMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Manuel Mario Mendoza appeals the sentence imposed by the District Court[1]
after he pleaded guilty to conspiring to distribute and possess with intent to distribute
methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994).
For reversal, Mendoza argues the District Court wrongly assessed a role enhancement,
see U.S.S.G. § 3B1.1(c) (1998) (allowing a 2-level increase if the defendant was an

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District
of Nebraska.

organizer, leader, manager or supervisor of criminal activity), and failed to recognize its authority to depart downward based on "prejudicial disparity" between his and his co-defendants' sentences.

After carefully reviewing the record and the parties' briefs, we conclude the District Court did not clearly err in applying the role enhancement, because despite Mendoza's denials, there was evidence that he asked a co-conspirator to sell drugs for him; that he fronted drugs to her and sometimes set the price; that he threatened his co-conspirators; and that he gave them instructions regarding the drug transactions on the date of his arrest. See United States v. Bahena, 223 F.3d 797, 806 (8th Cir. 2000) ("[M]atters of credibility . . . are for the trier of fact, and it is not within our province, in the normal case, to re-weigh them on appeal."); United States v. Cooper, 168 F.3d 336, 339 (8th Cir. 1999) (affirming leadership enhancement where evidence showed appellant instructed others "regarding transporting, purchasing, and/or selling controlled substances"); United States v. Ngo, 132 F.3d 1231, 1233-34 (8th Cir. 1997) (considering appellant's post-arrest threats as evidence of leadership); United States v. Tran, 122 F.3d 670, 674 (8th Cir. 1997) (finding that the recruitment of co-conspirators showed leadership); United States v. Knight, 96 F.3d 307, 310 (8th Cir. 1996) (considering defendant's price-setting as evidence defendant was organizer or leader), cert. denied, 520 U.S. 1180 (1997); United States v. Atkinson, 85 F.3d 376, 378 (8th Cir. 1996) (holding that a defendant overstepped mere seller's role by fronting drugs to a co-conspirator).

The District Court also did not err in concluding it could not depart downward on account of the other co-conspirators' lesser sentences. See U.S.S.G. § 5K2.0, comment (1998) ("[D]issatisfaction with the available sentencing range or a preference for a different sentence than that authorized by the guidelines is not an appropriate basis for a sentence outside the applicable guideline range."); United States v. Jones, 160 F.3d 473, 481 (8th Cir. 1998) ("Our decisions are clear . . . that the disparity between sentences [alone] is not a permissible basis for departure."); United States v. Granados,

962 F.2d 767, 774 (8th Cir. 1992) ("A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own . . . ."), rev'd on other grounds, 168 F.3d 343 (8th Cir. 1999) (granting post-conviction relief for ineffective assistance of counsel); United States v. Jackson, 959 F.2d 81, 83 (8th Cir.) (affirming the defendant's sentence although it was twice as long as that received by the conspiracy ringleader who entered a plea agreement and cooperated with government), cert. denied, 506 U.S. 852 (1992).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHT CIRCUIT.