# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1239

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Saul Tistcareno-Rios, also known as | * | District of Nebraska. |
| Robert Rosalez, also known as Saul | * | |
| Rios, also known as Filomeno | * | **[UNPUBLISHED]** |
| Rueben Cordova, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 7, 2000
Filed: December 18, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Saul Tistcareno-Rios pleaded guilty to possessing with intent to distribute one kilogram or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. At sentencing, the district court[1] imposed enhancements pursuant to U.S.S.G. §§ 2D1.1(b)(1) (firearm possession) and 3B1.1(b) (manager or supervisor

_____

[1]The HONORABLE THOMAS M. SHANAHAN, United States District Judge for the District of Nebraska.

of criminal activity), and denied his request for a downward departure under U.S.S.G. § 5K2.12, p.s. (coercion and duress). Tistcareno-Rios now appeals, raising challenges to the two enhancements and to the district court's refusal to depart. We affirm.

We conclude the district court did not err in assessing the section 2D1.1(b)(1) enhancement. The court credited a witness's testimony that he had traded firearms to Tistcareno-Rios for drugs, and we have held that obtaining a gun in exchange for drugs is a sufficient basis for the enhancement. See United States v. Plumley, 207 F.3d 1086, 1090 (8th Cir. 2000) (standard of review); United States v. Rogers, 150 F.3d 851, 857 (8th Cir. 1998) (drug-gun exchanges), cert. denied, 525 U.S. 1113 (1999); United States v. Bahena, 223 F.3d 797, 806 (8th Cir. 2000) (witness credibility).

The court also did not err in imposing the aggravating-role enhancement based upon extensive testimony before the court that Tistcareno-Rios paid others to transport drugs, arranged and financed the travel, and instructed his couriers what to do; that Tistcareno-Rios also paid others to receive packages of drugs through the mail; and that one of his couriers recruited other couriers for Tistcareno-Rios. See U.S.S.G. § 3B1.1, comment. (n.4) (factors); United States v. Jasper, 169 F.3d 1109, 1110 (8th Cir. 1999) (per curiam) (affirming enhancement where defendant recruited others to sell drugs, make deliveries, and collect money). That other coconspirators may also have played a supervisory role does not help Tistcareno-Rios, see Bahena, 223 F.3d at 804; nor is he helped by his contention that another of his coconspirators did not receive the enhancement at all--a discrepancy the district court explained by noting Tistcareno-Rios's more extensive level of involvement.

Finally, we will not review the merits of the district court's discretionary denial of Tistcareno-Rios's downward-departure motion, see United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997), or Tistcareno-Rios's additional drug-quantity challenge, raised not only for the first time on appeal, but in the face of his sentencing stipulation to his base offense level, see Phelps v. U.S. Fed. Gov't, 15 F.3d 735, 739 n.4 (8th Cir.)

(declining to consider issues raised for first time on appeal), <u>cert. denied</u>, 511 U.S. 1114 (1994); <u>cf.</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.").

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.