# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3795

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jose Antonio Gonzalez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 22, 2005
Filed:  January 6, 2006

_____

Before MELLOY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jose Antonio Gonzalez appeals the sentence the district court imposed after he pleaded guilty to conspiring to forge endorsements and signatures on United States Treasury checks with the intent to defraud, in violation of 18 U.S.C. §§ 371 and 510. Gonzalez objected to a U.S.S.G. § 3B1.1(b) role enhancement, arguing that he was not a manager or supervisor, and that the enhancement was barred by Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court overruled the objection; calculated a Guidelines imprisonment range of 33-41 months (which reflected the role enhancement, as well as other enhancements based on stipulated facts); and imposed a sentence of 33 months in

prison and 3 years supervised release. On appeal, Gonzalez renews his arguments against the role enhancement.

The Blakely challenge to the sentence is valid, because the district court erred in sentencing Gonzalez based on judge-found facts, in violation of the Sixth Amendment, under a mandatory Guidelines scheme, see United States v. Booker, 125 S. Ct. 738, 756-57 (2005) (holding Guidelines to be only advisory), and Gonzalez preserved this issue at sentencing, see United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc) (Booker error preserved by, inter alia, raising Blakely), cert. denied, 126 S. Ct. 266 (2005). We conclude the government did not meet its burden of proving that the error was harmless. See United States v. Mendoza-Mesa, 421 F.3d 671, 673 (8th Cir. 2005) (without more, a bottom-of-the-range sentence does not show harmless error when there is a preserved Sixth Amendment violation). Thus, we must remand for the district court to fashion a post-Booker sentence, utilizing advisory Guidelines. See Booker, 125 S. Ct. at 765-66.

As to Gonzalez's other argument, which will be relevant on remand, we conclude the district court did not err in finding that Gonzalez acted as a manager or supervisor in a conspiracy involving five or more participants. See United States v. Burling, 420 F.3d 745, 749 (8th Cir. 2005) (standard of review). Evidence showed that Gonzalez recruited a coconspirator, drove her and two other coconspirators from Texas to Nebraska and then to various check-cashing establishments, and was the communication link to the leader of the conspiracy. Cf. United States v. Shallal, 410 F.3d 434, 437 (8th Cir. 2005) (finding no error in imposition of § 3B1.1(b) enhancement where defendant, in addition to taking a larger share of proceeds, recruited coconspirator, gave him directions, monitored his progress, and introduced him to other conspirators); United States v. Tran, 122 F.3d 670, 674 (8th Cir. 1997) (enhancement under § 3B1.1(b) to reflect defendant's role as manager or supervisor in conspiracy to traffic in counterfeit checks was warranted, given evidence that defendant recruited driver and persons to pass checks at banks, and that, while

defendant did not appear to cash checks, he was always around house from which conspiracy was operated).

Accordingly, we remand for resentencing.

_____