# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4184

———————

Gerald M. Dunne,                       *

                                  *

      Plaintiff - Appellant,       *

                                  *    Appeal from the United States

v.                           *    District Court for the

                                  *    Eastern District of Missouri.

Peter E. Libbra,                *

                                  *

      Defendant - Appellee.     *

———————

Submitted: January 11, 2006
Filed: May 18, 2006

———————

Before LOKEN, Chief Judge, McMILLIAN[*] and MELLOY, Circuit Judges.

———————

LOKEN, Chief Judge.

Gerald Dunne purchased Peter Libbra's controlling interest in Prairieland Construction, Inc. for $1,250,000, paying $200,000 cash and delivering an installment promissory note for the balance. When Libbra demanded payment on the note, Dunne sued Libbra for fraud under Missouri law. In an earlier appeal, we held that a forum selection clause in the purchase agreement did not bar a diversity suit in the Eastern

———————

[*]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E. The opinion is consistent with the views expressed by Judge McMillian at the conference following the oral argument.

District of Missouri. <u>Dunne v. Libbra</u>, 330 F.3d 1062 (8th Cir. 2003). On remand, Libbra counterclaimed for fraud and breach of contract. After a five-day trial, the jury found for Libbra on all claims, awarding him $1.5 million in damages. The district court[1] denied Dunne's post-trial motions. Dunne appeals, challenging the sufficiency of the evidence of his fraudulent intent, the district court's responses to questions from the jury during its deliberations, and the court's refusal to instruct the jury on a state securities law claim that Dunne failed to plead. We affirm.

## I.

At the close of the evidence, the district court denied Dunne's motion for judgment as a matter of law and submitted Libbra's fraud counterclaim, instructing the jury to find whether Dunne fraudulently represented that he would pay Libbra $1,050,000 over time and indemnify Libbra from claims relating to Prairieland. Without objection, the court instructed that Libbra had the burden to prove this claim by a preponderance of the evidence ("more likely to be true than not true"). Following the jury's adverse verdict, Dunne renewed his motion for judgment as a matter of law, arguing that Libbra's fraud claim should not have been submitted to the jury because he "did not offer evidence that [Dunne] had a present intent not to perform the agreement at the time [Dunne] and [Libbra] entered into the agreement." The district court denied the motion in a lengthy fact-based Order.

On appeal, Dunne argues that Missouri law requires "clear and convincing proof" of fraud. We need not consider this contention because it was not raised in the district court. Indeed, it was forfeited by the failure to object to the court's burden of proof instruction. In addition, there was no plain error. In support, Dunne cites a Supreme Court of Missouri decision holding that clear and convincing proof is

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

required to set aside a deed,[2] and a recent Missouri Court of Appeals decision applying that standard to a common law fraud claim.[3] Dunne urges us to ignore -- as contrary to "the tendency of other jurisdictions" -- repeated decisions of the Supreme Court of Missouri holding that the standard to be applied in fraud cases tried to a jury is the preponderance of the evidence.[4] In this diversity action, we are obliged to follow controlling decisions of the highest court of the State rather than inconsistent rulings of an intermediate appellate court.

Seeking to escape his forfeiture of this issue, Dunne further argues that the district court erred in not applying a more rigorous standard in denying his motions for judgment as a matter of law. In other words, he argues that a Missouri trial court should apply a more stringent standard of proof in deciding whether to submit a fraud claim to the jury than the jury will apply if it is submitted. Dunne forfeited this contention by not arguing it to the district court in support of his JAML motions. Moreover, he cites no Missouri case supporting this highly dubious theory.

Stripped of these unavailing issues of law, Dunne's contention is that Libbra introduced insufficient evidence of fraudulent intent to sustain the jury's verdict. Under Missouri law, "fraud may be established by a showing of facts and circumstances from which it reasonably and fairly may be inferred. But . . . a finding of fraud must rest on something more substantial than suspicion, surmise and speculation." Cantrell v. Superior Loan Corp., 603 S.W.2d 627, 634-35 (Mo. App. 1980). Reviewing the extensive trial evidence in the light most favorable to the jury's

---

[2]Gibson v. Smith, 422 S.W.2d 321, 328 (Mo. 1968).

[3]Dorsch v. Family Med., Inc., 159 S.W.3d 424 (Mo. Ct. App. 2005).

[4]See Matter of Estate of Passman, 537 S.W.2d 380, 383-84 (Mo. 1976); Crawford v. Smith, 470 S.W.2d 529, 531-32 (Mo. 1971); Baker v. Bickel, 386 S.W.2d 105, 111 (Mo. 1964); accord Hartsfield v. Barkley, 856 S.W.2d 342, 347 (Mo. Ct. App. 1993).

verdict, as we must, we conclude that Libbra produced sufficient evidence from which the jury could reasonably infer Dunne's fraudulent intent for the reasons stated in the district court's Order dated November 10, 2004, denying Dunne's post-trial motion for judgment as a matter of law (Dist. Ct. Docket Entry No. 178).

## II.

Dunne next argues that the district court erred when it responded to three written questions submitted by the jury without notifying counsel and making an adequate record. During deliberations, the jury asked whether there is a higher burden of proof standard for fraud than for breach of contract. The court told the bailiff to give the jury a written response -- "refer to instruction 3" -- the burden of proof instruction previously submitted without objection. Later, the jury twice asked the court where it could find bills and invoices related to a Prairieland project that was at issue during the trial. In response to these questions, the court instructed the bailiff to tell the jury, orally, that the documents were trial exhibits and could be found in the jury room. This statement was incorrect because Dunne's attorney used the documents in eliciting witness testimony but failed to offer them into evidence.

In his motion for a new trial, Dunne argued that the court erred in failing "to remove the obvious confusion and doubt" regarding the burden of proof for fraud, in failing to notify counsel of the jury's request for documents, and in failing to provide the jury with copies of the requested documents. Acknowledging that it would have been better to notify counsel of the jury's questions, the district court nonetheless denied the new trial motion because "the failure to do so did not constitute prejudicial error." Regarding the burden of proof question, the court reasoned that a supplemental instruction would have been inappropriate because no party objected to instruction 3 and that instruction fully answered the jury's question. Moreover, Dunne was not prejudiced because both parties submitted common law fraud claims. Regarding the two requests for project documents, the court noted the documents were

-4-

never offered into evidence and found it improbable that the jury's verdict was affected because the jury heard witness testimony about the documents.

Dunne also moved for leave to examine the jurors, the bailiff, and the court reporter regarding the jury's questions. The court denied this motion on the ground that the court's responses contained no new or supplemental information, and jurors may only testify about extraneous prejudicial information or outside influences. See Fed. R. Evid. 606(b).

**A.** Dunne first argues that the district court erred in responding to the jury's questions without notifying counsel -- which the district court acknowledged -- and suggests that this was *per se* reversible error, citing Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81 (1919), and Chicago, Rock Island & Pacific R.R. v. Speth, 404 F.2d 291, 294 (8th Cir. 1968). We agree the court should have informed counsel of the jury's questions and given them an opportunity to help formulate the response. However, a court's *ex parte* communication with a jury or failure to give counsel adequate opportunity to object to a response does not require reversal if substantive rights were not adversely affected. See Murphy v. Tivoli Enters., 953 F.2d 354, 360-61 (8th Cir. 1992); Powell v. Kroger Co., 644 F.2d 1245, 1247 (8th Cir. 1981); accord Acree v. Minolta Corp., 748 F.2d 1382, 1385-86 (10th Cir. 1984).

**B.** Dunne next argues that we should presume prejudice because the record does not establish what responses were in fact communicated to the jury by the bailiff.[5] This contention was not properly preserved. Dunne's post-trial motion asked for leave to question "the petit jurors, the bailiff and the court reporter" about "what transpired between the petit jurors and the trial court." The district court's ruling focused solely on whether questioning of the jurors would be barred by Rule 606(b)

---

[5]The record on appeal includes the jury's written requests and the district court's post-trial order describing its responses.

of the Federal Rule of Evidence.[6]  The court obviously (and logically) assumed that the bailiff accurately communicated the court's responses to the jury.  If Dunne wished to question that assumption, he should have filed a narrow motion to question the bailiff when the improper motion to question the jurors was denied.  Dunne's failure to do so demonstrates that the district court correctly perceived that Dunne's primary objective was to engage in wide-ranging and improper juror discovery.  We reject the belated suggestion that we presume improper conduct by the bailiff.

**C.**  Finally coming to the real issue, Dunne argues that he was prejudiced by the court's *ex parte* response to the jury's two questions about the project documents. Implicitly conceding it would have been improper to provide the jury with documents not in evidence, see Sanders v. Buchanan, 407 F.2d 161, 164 (10th Cir. 1969), Dunne argues that, with proper notice, his trial counsel could have asked the court to reopen the evidence, admit those documents, and then send them to the jury.  We agree with the district court that this is a speculative and insufficient showing of prejudice. Though the court undoubtedly had discretion to reopen the case to receive additional evidence inadvertently omitted, see United States v. Dico, Inc., 266 F.3d 864, 873 (8th Cir. 2001), cert. denied, 535 U.S. 1095 (2002), here the gap in the record was due to counsel's careless handling of exhibits, and it was highly improbable that the documents requested would have produced a different verdict.  The district court did not abuse its discretion in denying Dunne's new trial motion on this ground.

---

[6]Dunne also argues that the court misapplied Rule 606(b) because the rule allows jurors to be questioned about *ex parte* communications, citing cases in which jurors were questioned about specific allegations that their verdict was affected by improper extraneous information or outside influence, such as Anderson v. Ford Motor Co., 186 F.3d 918, 920-21 (8th Cir. 1999), cert. denied, 528 U.S. 1156 (2000). However, when the party seeking to question jurors presents no evidence the verdict was tainted by extraneous information or outside influence, the request for a hearing is properly denied.  See United States v. Tran, 122 F.3d 670, 672-73 (8th Cir. 1997).

## III.

Dunne's final argument on appeal is that the district court erred in refusing to give proposed jury instructions based on provisions of Missouri's Blue Sky Law that were in effect at the time of the transaction at issue. See Mo. Rev. Stat. §§ 409.101, 409.411 (2002). The statutes imposed liability for misrepresenting a material fact in selling a "security." Unlike common law fraud, this statutory claim did not require proof of scienter. The district court refused to instruct on this statutory claim because it was not pleaded and Dunne first advanced the theory at the jury instruction conference at the end of the trial. After the jury verdict, Dunne moved for leave to amend his pleadings to add these statutory claims. Acknowledging discretion to grant such relief after judgment, see Fed. R. Civ. P. 15(b), the district court denied the motion because Libbra had no prior notice Dunne would rely on the alleged statutory violations and no opportunity to cure any surprise. We review these rulings for abuse of discretion. See Torbit v. Ryder Sys., Inc., 416 F.3d 898, 903-04 (8th Cir. 2005); Mouser v. Caterpillar, Inc., 336 F.3d 656, 666 (8th Cir.2003).

"Amendments are allowed during or after trial when the parties have had actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise resulting from the change in the pleadings." Garner v. Mo. Dept. of Mental Health, 439 F.3d 958, 960 (8th Cir. 2006), quoting Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997) (alterations omitted). Dunne argues that the stock he purchased was a security, and he was prejudiced by not being permitted to submit a statutory claim that "carried a lower burden than the submission based on fraud." However, when a closely-held business is acquired by purchasing corporate stock, whether federal and state securities laws apply requires analysis of the economic realities of the transaction. See Jones & Co. v. Bishop, 664 S.W.2d 253, 255-56 (Mo. Ct. App. 1984), and cases cited therein. Here, Libbra had no notice of Dunne's secret intent to assert such a claim until the trial record was closed, when Libbra would have no opportunity to present evidence showing that the stock purchase was secondary to

-7-

Dunne acquiring control of the business. The district court did not abuse its discretion in rejecting Dunne's attempt at trial of this issue by ambush. Compare South Dak. Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 590-91 (8th Cir. 2003), cert. denied, 541 U.S. 1037 (2004).

After a lengthy trial of the parties' competing claims, the jury determined that Gerald Dunne was the contracting party guilty of common law fraud. Like the district court, we find no proper basis to overturn the jury's verdict. Accordingly, the judgment of the district court is affirmed.

_____