# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3283

_____

United States of America,            *
                                     *
            Appellee,                *
                                     *     Appeal from the United States
    v.                               *     District Court for the
                                     *     Western District of Missouri.
Jeffrey Stafford Cobb,               *
                                     *     [UNPUBLISHED]
            Appellant.               *

_____

Submitted: April 7, 2009
Filed: April 10, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

       Jeffrey Stafford Cobb appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Specifically, he challenges the court's application of two-level sentencing enhancements under U.S.S.G. § 3C1.1 (obstructing or impeding administration of justice) and U.S.S.G. § 3B1.1 (aggravating role).

_____

       [1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Reviewing the district court's application of the Guidelines de novo, and its underlying factual findings for clear error, see United States v. Rodriguez, 484 F.3d 1006, 1014 (8th Cir.), cert. denied, 128 S. Ct. 316 (2007), we find no basis for reversal. As to the obstruction-of-justice enhancement, the district court credited the testimony of Cobb's wife that Cobb had assaulted her after learning that she had been talking to law enforcement officers about his drug activities. Thus, we conclude that the district court did not clearly err in finding that Cobb willfully obstructed justice. See U.S.S.G. § 3C1.1, comment. (n.4(a)) (obstruction-of-justice enhancement is warranted when defendant threatens, intimidates, or otherwise unlawfully influences codefendant, witness, or juror, directly or indirectly, or attempts to do so); United States v. Vaca, 289 F.3d 1046, 1049 (8th Cir. 2002) (to "willfully" obstruct justice under § 3C1.1, defendant must know he is under investigation or have correct belief investigation is probably under way; attempt to intimidate or threaten witness, even if unsuccessful, is sufficient to sustain obstruction enhancement); see also United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008) (credibility determinations are virtually unreviewable on appeal).

We further conclude that the district court was warranted in finding that Cobb played an aggravating role in the conspiracy, because the evidence indicated that he acted as a broker, fronted drugs to others, recruited others, and exercised control over others. See U.S.S.G. § 3B1.1, comment. (n.4) (factors court should consider include, inter alia, nature of participation in offense, recruitment of accomplices, nature and scope of illegal activity, and degree of control and authority exercised over others); United States v. Cooper, 168 F.3d 336, 339 (8th Cir. 1999) (affirming § 3B1.1 enhancement where evidence showed appellant instructed others regarding transporting, purchasing, and/or selling drugs); United States v. Tran, 122 F.3d 670, 674 (8th Cir. 1997) (recruitment of co-conspirators showed leadership); United States v. Atkinson, 85 F.3d 376, 378 (8th Cir. 1996) (defendant overstepped mere seller's role by fronting drugs to co-conspirator).

Accordingly, we affirm the judgment of the district court.

_____